IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Lisa S. Savage, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| JPMORGAN CHASE BANK, | ) | |
| TRANS UNION, LLC, & | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendants the following:

### INTRODUCTION

1. This is a Fair Credit Reporting Act case based on the Defendants' false reporting of a credit account which the Plaintiff did not owe, and which the Plaintiff believes was incurred through identity theft.

### PARTIES

2. Plaintiff is a natural person and resident citizen of Fairhope, Alabama.

3. Plaintiff is a "consumer" as defined by both the Fair Credit Reporting Act.

4. Defendant JPMorgan Chase Bank ("Chase") is a New York corporation whose principal place of business is 20 Pine Street, New York, New York.

5. Chase is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a, and 12 C.F.R. § 41.41(c) & §222.41(c).

6. Trans Union, LLC ("Trans Union") is a foreign corporation engaged in the business of compiling and selling credit reports relating to consumers, and whose principal place of business is 555 W. Adams St, Chicago, IL 60661.

7. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f), as it regularly assembles and evaluates credit information on consumers in the United States for the purpose of creating and selling consumer reports.

8. Experian Information Solutions, Inc. ("Experian") is a foreign corporation engaged in the business of compiling and selling credit reports relating to consumers, and whose principal place of business is 505 City Parkway West, Orange, CA 92668.

9. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f), as it regularly assembles and evaluates credit information on consumers in the United States for the purpose of creating and selling consumer reports.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 15 U.S.C §1681p to hear this case.

11. This Court has personal jurisdiction over the Defendants because the Defendants have engaged in numerous business transactions with persons and entities within this district.

12. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

13. On or about March 31, 2017, the Plaintiff received a notice from Regions Bank that it was closing her credit card account with them due to a credit report published by TransUnion which stated that the Plaintiff owed an unpaid debt of $15,228 to Chase.

14. The Plaintiff at that time had otherwise outstanding credit, and had been a Regions customer for nearly three decades.

15. The Plaintiff was naturally shocked and dismayed to discover this.

16. On or about April 10, 2017, the Plaintiff notified Trans Union, Experian, and Chase that she had been the victim of fraud, and requested a fraud alert on her credit reports.

17. On or about April 12, 2017, the Plaintiff obtained copies of credit reports from Trans Union and Experian.

18. Both of these credit reports contained a negative trade line which stated that the Plaintiff owed $15,228 to Chase for an alleged credit card debt.

19. This information was false; the Plaintiff did not owe anything to Chase.

20. The Plaintiff did not receive a credit card from Chase, nor did she ever get any money, credit, loan, goods, or services from Chase.

21. Chase knew or should have known that it never issued a credit card to Lisa Savage, nor to anyone else living at 701 Cedar Ave., Fairhope, AL.

22. On April 10, 2017, the Plaintiff submitted an online dispute request to TransUnion, advising them that the Chase account was not opened by her.

23. On April 10, 2017, the Plaintiff submitted an online dispute request to Experian, advising them that the Chase account was not opened by her.

24. On or about April 20, 2017, the Plaintiff sent Trans Union and Experian written disputes notifying them that the alleged Chase account on their reports was inaccurate, and was the result of a probable identity theft.

25. A true and correct copy of the April 17, 2017 dispute to Trans Union is attached as Exhibit A.

26. A true and correct copy of the April 17, 2017 dispute to Experian is attached as Exhibit B.

27. On or about April 26, 2017, Experian responded to the dispute, stating that the alleged Chase account was "verified as accurate." A true and correct copy of Experian's dispute response is attached as Exhibit C.

28. After April 26, 2017, Experian continued to report that Mrs. Savage owed over $15,000 to Chase.

29. Trans Union also continued to report that Mrs. Savage owed over $15,000 to Chase.

30. When Mrs. Savage discovered that Chase, Trans Union, and Experian had failed to respect her wishes and correct her credit report, she was very distraught and upset.

31. As a result, she experienced a significant degree of stress, anxiety, frustration, mental anguish, headaches, tears, and lost sleep.

32. Also as a result this continued reporting of false information, she was unable to obtain a credit card for several weeks.

33. Shortly after receiving their responses to her disputes, Mrs. Savage again submitted an online dispute to Trans Union, notifying them for the third time that the alleged Chase account was not hers.

34. On May 9, 2017, Trans Union responded to Mrs. Savage's dispute, stating that the Chase account had been "verified as accurate and updated." A true and correct copy of Trans Union's response is attached as exhibit D.

35. Shortly after that, Mrs. Savage sent yet another dispute to Trans Union.

36. On May 17, 2017 Trans Union responded to Mrs. Savage's dispute, stating "disputed information updated," when in fact the Chase account that she had disputed was still being reported as being delinquent and having a balance of $15,228.  A true and correct copy of this response is attached as exhibit E.

37. Shortly after receiving Experian's April 26 response to her dispute, Mrs. Savage submitted an online dispute to Experian, notifying them again that the alleged Chase account was not hers.

38. Chase was notified on numerous occasions of the Plaintiff's dispute.

39. Chase refused to heed Mrs. Savage's protests, refused to fix its errors, and continues to report that she owes them $15,228.

40. To this date, Trans Union and Experian continue to report that Mrs. Savage owes a debt to Chase of $15,228.

41. Credit reports containing the Chase account have been published by TransUnion and Equifax and have been sent to and/or seen by various persons or entities other than the Plaintiff.

42. The actions of the Defendants have harmed the Plaintiff in numerous ways, including but not limited to:

    (a) Lost credit opportunity and increased cost of credit;

    (b) Time, trouble, and expenses devoted to addressing this matter and attempting to rectify her credit reports;

    (c) Damage to her reputation;

    (d) Frustration, embarrassment, stress, anxiety, lost sleep, headaches, and tears.

43. These damages are continuing to this date.

44. All actions taken by employees, agents, servants, or representatives of the Defendants were taken in the line and scope of such employment, agency, or representation.

45. Defendants are liable to Plaintiff under *respondeat superior* for the wrongful, intentional, and negligent acts, errors, and omissions of their employees and agents.

COUNT ONE AGAINST CHASE 15 U.S.C. §1681b

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 above.

47. Defendant Chase obtained, viewed, or otherwise made use of a consumer report relating to the Plaintiff in July of 2016.

48. Chase had no legitimate purpose for obtaining or using Plaintiff's credit report.

49. Consumer credit reports contain sensitive information about a person's finances and lifestyle.

50. The Fair Credit Reporting Act recognizes this, and contains numerous provisions designed to protect consumers from unnecessary intrusion into their affairs.

51. Particularly, 15 U.S.C. §1681b(f) prohibits any person from obtaining or using a consumer report for any purpose other than those specific enumerated "permissible purposes" listed in 15 U.S.C. §1681b(a)(3).

52. In this case, the Plaintiff had no prior business relationship with Chase.

53. In July of 2016, the Plaintiff did not owe Chase any money on any account which it might have sought to collect or review.

54. Chase did not have a legitimate business need to obtain Mrs. Savage's credit report.

55. Nor did the Plaintiff ever provide Chase with permission to obtain her reports.

56. Chase violated the Fair Credit Reporting Act by obtaining or using the Plaintiff's credit report without a permissible purpose for doing so.

57. Chase knew or should have known him that it had no permission to view Mrs. Savage's credit report.

58. Chase's violation of the Fair Credit Reporting Act was negligent, and could have been easily avoided by undertaking a reasonable investigation.[1]

59. Alternatively, Chase's violation of 1681b was intentional or reckless, and done without any regard for whether they had a legitimate purpose for obtaining Plaintiff's report.

60. The Chase's violation of the Fair Credit Reporting Act has harmed the Plaintiff by, *inter alia*, damaging her credit rating and reputation, and by unfairly delving into her private financial information.

61. For such violation, Chase is liable to the Plaintiff for actual damages, costs, and attorney's fees, pursuant to 15 U.S.C. §1681o.

62. For its willful violations of the Fair Credit Reporting Act, Chase is liable to the Plaintiff for actual damages, statutory damages of up to $1,000, punitive damages, costs, and attorney's fees, pursuant to 15 U.S.C. §1681n.

COUNT TWO AGAINST CHASE: 15 U.S.C. §1681s-2(b)

63. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45.

64. The Plaintiff sent multiple letters to consumer reporting agencies explaining that she did not owe Chase for the alleged account.

65. The Plaintiff also contacted Chase directly and explained that the account was not hers and had probably been opened through identity theft.

---

1   Documents received by the Plaintiff in the course of her investigation into this matter indicate that Chase sent a credit card to someone living in Atlanta, a place where Plaintiff has never resided, and who used a telephone number with a 770 area code, which also indicates an Atlanta applicant.  The knowledge of such facts about any "real" applicant would have put Chase on notice *not* to obtain a report on a resident of Fairhope, Alabama.

66. In fact, the Plaintiff spoke to Chase on several occasions, attempting to convince them to quit telling the consumer reporting agencies that she owed them $15,228.

67. On or about May 5, 2017, Chase acknowledged the Plaintiff's dispute and sent her a letter requesting additional information. A copy of this letter is attached as Exhibit F.

68. Shortly thereafter, Ms. Savage contacted Chase and gave them all of the information that they needed, and again explained that the account had neither been opened by her nor ever used by her.

69. Upon information and belief, Chase received notice of at least one of Plaintiff's credit report disputes from at least one consumer reporting agency.

70. Upon information and belief, Chase received notice of the following credit report disputes by Plaintiff:

    (a) The April 10, 2017 online dispute to Trans Union;

    (b) The April 20 disputes to Trans Union and Experian;

    (c) Another April 20, 2017 written dispute to Equifax Information Services, LLC,[2] a true and correct copy of which is attached as Exhibit G;

    (d) the May 2017 disputes to Trans Union and Experian.

71. Upon information and belief, the consumer reporting agencies forwarded to Chase all of the information needed to undertake a reasonable investigation into the Plaintiff's disputes.

72. Chase failed to conduct a *bona fide* investigation into the Plaintiff's disputes.

73. Chase failed to review all relevant information relating to the Plaintiff's disputes.

74. Chase failed to notify each consumer reporting agency that its reporting of the Plaintiff's liability on the alleged account was incorrect.

---

2   Equifax is another nationwide consumer reporting agency who is not a party to this action. Upon information and belief, it corrected the Plaintiff's report in response to her disputes.

75. Chase failed to modify, delete, or permanently block the reporting of the alleged account against the Plaintiff, even after it became clear that such information as it had reported against her could not be verified.

76. Chase continued to furnish inaccurate information regarding the Plaintiff to consumer reporting agencies, even after learning that she disputed such information.

77. Had Chase conducted a reasonable investigation into Plaintiff's disputes, they would have notified the consumer reporting agencies that the account was not owed by the Plaintiff.

78. The inaccurate information furnished by Chase to the consumer reporting agencies proximately caused damage to the Plaintiff in the following ways:

    (a) It harmed her ability to obtain credit;

    (b) It increased the cost of what credit the Plaintiff could obtain;

    (c) It damaged her reputation and emotional well being;

    (d) The Plaintiff spent time and money seeking to correct Defendants' errors.

79. Chase's failures to adequately investigate Plaintiff's disputes and correct their reporting was done willfully or with reckless disregard for the Plaintiff's rights.

80. Alternatively, their failures were negligent.

81. The Fair Credit Reporting Act requires that furnishers of consumer credit information undertake reasonable and prompt investigations into consumer disputes.  15 U.S.C. §1681s-2(b).

82. Chase have violated the Fair Credit Reporting Act by failing to perform the reinvestigation duties required of them by 15 U.S.C. §1681s-2(b).

83. For their violations of 15 U.S.C. §1681s-2(b), Chase are liable to the Plaintiff for all damages sustained as a result, punitive damages, plus statutory damages of up to $1,000, plus costs and attorney's fees.  *15 U.S.C. §1681o & §1681n.*

## COUNT ONE AGAINST TRANS UNION: 15 U.S.C. §1681i

84. Plaintiff realleges and incorporates paragraphs 1 through 45 by reference.

85. TransUnion published at least one consumer credit report containing false information regarding the Plaintiff after learning of the Plaintiff's dispute.

86. Specifically, TransUnion published at least one consumer report which indicated that the Plaintiff owed an unpaid debt of $15,228 to Chase.

87. After being notified of the Plaintiff's dispute, TransUnion published at least one consumer report which indicated that the Plaintiff was "past due" for $15,228 on a debt to Chase.

88. On multiple occasions, Plaintiff disputed the alleged Chase account with TransUnion and provided the information needed to investigate her disputes.

89. TransUnion received the Plaintiff's disputes.

90. TransUnion did not correct the Plaintiff's credit report.

91. Instead, TransUnion continued to report that Plaintiff owed a large unpaid debt to Chase.

92. TransUnion failed to conduct a reasonable investigation into the Plaintiff's dispute.

93. TransUnion failed to forward notice of the dispute and all relevant information regarding the Plaintiff's dispute to the furnishers of such information.

94. TransUnion failed to delete or modify the inaccurate information which were included in its reports regarding the Plaintiff, even after being unable to verify the information as Chase alleged.

95. TransUnion continues to publish this inaccurate information regarding the Plaintiff.

96. To this day, TransUnion refuses to remove the Chase account from the Plaintiff's credit report.

97. Despite having been repeatedly notified that the Chase account did not belong to Mrs. Savage, TransUnion has abdicated its obligations under state and federal law and chosen to merely "parrot" whatever its customer, Chase, told it to say.

98. TransUnion has a policy to favor its paying customers (large lending institutions like Chase) instead of what consumers and state courts say about debts.

99. The primary reason for this policy is that furnishers of information like Chase pay millions of dollars annually to TransUnion.

100. TransUnion violated 15 U.S.C. §1681i by:

    (a) Failing to delete inaccurate information in the Plaintiff's credit file, despite having actual notice of such inaccuracies;

    (b) Failing to conduct an adequate reinvestigation;

    (c) Failing to forward all relevant information to Chase;

    (d) Failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file;

    (e) Failing to delete or modify the Chase account after it became apparent that TransUnion could not verify the information;

    (f) Relying upon "verification" of disputed information from a source which TransUnion knew or should have known to be unreliable.

101. As a result of TransUnion's violations of 15 U.S.C. §1681i, the Plaintiff suffered damages as described above, and continues to suffer damages due to the false reporting of this debt.

102. TransUnion's actions (and inaction) in handling the Plaintiff's disputes were willful, rendering it liable to the Plaintiff for statutory damages of up to $1,000, punitive

damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, as well as costs and attorneys' fees.

103. Alternatively, TransUnion's actions were negligent, rendering it liable to the Plaintiff for actual damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681o.

## COUNT ONE AGAINST EXPERIAN: 15 U.S.C. §1681i

104. Plaintiff realleges and incorporates paragraphs 1 through 45 by reference.

105. Experian published at least one consumer credit report containing false information regarding the Plaintiff after learning of the Plaintiff's dispute.

106. Specifically, Experian published at least one consumer report which indicated that the Plaintiff owed an unpaid debt of $15,228 to Chase.

107. After being notified of the Plaintiff's dispute, Experian published at least one consumer report which indicated that the Plaintiff was "past due" for $15,228 on a debt to Chase.

108. On multiple occasions, Plaintiff disputed the alleged Chase account with Experian and provided the information needed to investigate her disputes.

109. Experian received the Plaintiff's disputes.

110. Experian did not correct the Plaintiff's credit report.

111. Instead, Experian continued to report that Plaintiff owed a large unpaid debt to Chase.

112. Experian failed to conduct a reasonable investigation into the Plaintiff's dispute.

113. Experian failed to forward notice of the dispute and all relevant information regarding the Plaintiff's dispute to the furnishers of such information.

114. Experian failed to delete or modify the inaccurate information which were included in its reports regarding the Plaintiff, even after being unable to verify the information as Chase alleged.

115. Experian continues to publish this inaccurate information regarding the Plaintiff.

116. To this day, Experian refuses to remove the Chase account from the Plaintiff's credit report.

117. Despite having been repeatedly notified that the Chase account did not belong to Mrs. Savage, Experian has abdicated its obligations under state and federal law and chosen to merely "parrot" whatever its customer, Chase, told it to say.

118. Experian has a policy to favor its paying customers (large lending institutions like Chase) instead of what consumers and state courts say about debts.

119. The primary reason for this policy is that furnishers of information like Chase pay millions of dollars annually to Experian.

120. Experian violated 15 U.S.C. §1681i by:

   (a) Failing to delete inaccurate information in the Plaintiff's credit file, despite having actual notice of such inaccuracies;

   (b) Failing to conduct an adequate reinvestigation;

   (c) Failing to forward all relevant information to Chase;

   (d) Failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file;

   (e) Failing to delete or modify the Chase account after it became apparent that Experian could not verify the information;

   (f) Relying upon "verification" of disputed information from a source which Experian knew or should have known to be unreliable.

121. As a result of Experian's violations of 15 U.S.C. §1681i, the Plaintiff suffered damages as described above, and continues to suffer damages due to the false reporting of this debt.

122. Experian's actions (and inaction) in handling the Plaintiff's disputes were willful, rendering it liable to the Plaintiff for statutory damages of up to $1,000, punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, as well as costs and attorneys' fees.

123. Alternatively, Experian's actions were negligent, rendering it liable to the Plaintiff for actual damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681o.

### COUNT TWO AGAINST EXPERIAN: 15 U.S.C. §1681c

124. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 above.

125. In July of 2016, Chase requested from Experian a consumer report relating to Mrs. Savage.

126. This request included an address for Mrs. Savage which was different from the address that was in Experian's file for Mrs. Savage.

127. Upon information and belief, Chase requested from Experian a consumer report with an address of 3061 Silver Hill Terrace SE, Atlanta GA 30316.

128. Upon information and belief, Chase requested from Experian a consumer report with an address of 897 Underwood Ave SE, Atlanta GA 30316.

129. At all times relevant to this proceeding, the only address where Mrs. Savage resided or received mail was 701 Cedar Ave, Fairhope, AL 36532.

130. Experian had Mrs. Savage's correct address of 701 Cedar Avenue in its credit file during and prior to July 2016.

131. Experian knew that Mrs. Savage's address was 701 Cedar Avenue.

132. Upon information and belief, Experian failed to notify Chase of this address discrepancy before the Chase account was opened.

133. Upon information and belief, Experian failed to notify Chase of this address discrepancy within a reasonable time after the request for Mrs. Savage's credit report was received.

134. Upon information and belief, Chase would not have opened the fraudulent account had it been notified by Experian of the address discrepancy.

135. The opening of the fraudulent account in Mrs. Savage's name caused her significant damages, including but not limited to the loss of credit, increased cost of credit, time and expense incurred to resolve this matter, embarrassment, reputation damage, and emotional damages.

136. Pursuant to 15 U.S.C. §1681c(h), when a consumer reporting agency receives a request for a consumer report which includes an address different from the one on file, "the consumer reporting agency shall notify the requester of the existence of the discrepancy."

137. Experian failed to fulfill its duty under the statute.

138. The damages incurred as a result were proximately caused by such failure.

139. Experian is liable to the Plaintiff for all damages arising from its failure to follow the requirements of 15 U.S.C. §1681c(h).

140. Plaintiff requests an award of damages, costs, and attorneys' fees for such failure.

WHEREFORE, PREMISES CONSIDERED, Your Plaintiff respectfully prays this Honorable Court Issue a Judgment for the following:

A) Against Chase, TransUnion, and Experian and for the Plaintiff, for actual damages and punitive damages for Defendants' violations of the Fair Credit Reporting Act;

B) Against Chase, TransUnion, and Experian and for the Plaintiff, for statutory damages of One Thousand Dollars from each Defendant for their violations of the Fair Credit Reporting Act;

C) Costs, expenses, and reasonable attorneys fees incurred in bringing this action;

D) For such other, further, and general relief as Your Honor deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

RESPECTFULLY SUBMITTED this the 19th Day of June, 2017.

/s/ Judson E. Crump
Judson E. Crump
Attorney for Plaintiff

Judson E. Crump, PC
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com